[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The dispute in this case is one more instance of an event which is occurring with depressing frequency in our courts. The defendant has moved to disqualify the plaintiff's attorney on the CT Page 546 ground that his current representation violates Rule 1.9 of our Rules of Professional Conduct. The background of this case is that in 1985 Attorney Lewis G. Schwartz of the firm of Schatz, Schatz, Ribicoff and Kotkin (hereinafter called "Schwartz") represented New Science Associates, Inc. ("New Science") Jack Karp ("Karp") an employee of New Science and two other New Science employees, (Gartner Group, Inc. v. Sonenclar et al, Superior Court, J.D. of Stamford/Norwalk, 1985). In that proceeding Schwartz successfully negotiated a settlement on behalf of Karp and the other defendants which was finalized in 1987. Shortly thereafter, Schwartz became corporate counsel to New Science for a short period of time ending in 1987.
Thereafter he did no legal work for New Science until he commenced this action on their behalf in 1993. Sometime between 1987 and 1993 Karp left New Science and formed Affinity Research Corporation ("Affinity"), the lead defendant in this action. In 1993 the defendant hired away from New Science the other defendants in this action, Fitzgerald and Holmes.
Affinity moves that Schwartz be disqualified alleging that his representation of New Science constitutes a representation of another person in a substantially related matter in which New Science's interests are materially adverse to Karp's interests.
New Science makes a threshold challenge to Affinity's motion on the grounds of lack of standing. IT argues that because Karp rather than Affinity is the former client only Karp can raise the issue. Affinity however, points out that Karp is not a defendant in this action and therefore not being a party he has no standing to raise the issue. The plaintiff has cited no authority for position.
In a case involving the Rules of Professional Conduct, a court not only has the authority to regulate the conduct of attorneys but it has a duty to enforce the standards of conduct regarding attorneys. State v. Jones, 180 Conn. 443, 448 (1980). Operating under this forceful command to duty, the court may consider a violation of the Rules no matter who brings it to the court's attention. Indeed, the court may correct a violation of the Rules, sua sponte. State v. Jones, supra. Armed with this inherent authority it becomes unnecessary for the court to reach the issue of standing.
The issue here is governed by our Supreme Court's decisions CT Page 547 in Bergeron v. Mackler, 225 Conn. 391 (1993) and Goldenberg v. Corporate Air, Inc., 189 Conn. 504 (1983). According to these decisions, in applying Rule 1.9 the court must first determine whether there is a substantial relationship between the prior and present representations. A comparative examination of the complaint in the former proceeding reveals the following. The then defendant Karp was accused by Gartner Group with whom he had formerly been associated of making impermissible disclosures of confidential information and trade secrets in violation of his written agreement with his employer. In this case, Affinity is accused of acting in concert with Fitzgerald and Holmes to do exactly the same thing. Of the three counts in the former action, two are virtually identical to counts in this action, i.e., (i.) breach of covenant not to compete and (i.i.) misappropriation of trade secrets. The third count alleged a breach of fiduciary duty. While the current complaint does not contain a count which is either labeled or is clearly recognizable as a cause of action for breach of fiduciary duty, the specific contractual provision which the plaintiff seeks to enforce (Complaint p. 3) expressly states that the disclosure of confidential information "may constitute a breach of trust". In fact, in referring to the prior litigation, plaintiff's counsel admits that "he handled this type of problem for Karp in the past".
This comparative analysis compels a finding that the issues are essentially the same if not identical.
The next element of Rule 1.9 requires that Karp's interests be materially adverse to the interest of the plaintiff. Karp owns 48% of the stock of Affinity and as such is its largest single stockholder. Affinity argues that this part of the rule is inapplicable because Karp is not a named defendant in this action. This claim frames the issue whether a substantial stockholder who is also an officer and director of the corporation can be a person whose interests are materially adversely affected by an action brought against the corporation in which he holds ownership. Neither side has furnished any authorities on this point and so it appears to be an issue of first impression in this state.
As this court remarked in Morin v. Morin, CV92 0123345 S (1992) a stockholder and his corporation may at times have interests which are antagonistic to one another such as would be manifested in a derivative suit under 52-572j. However unless and until that happens the shareholder and the corporation have a CT Page 548 fiduciary relationship. Rothman v. F.C.N. Liquidating, Inc., 4 C.L.T. 44 at 820, which makes their interests virtually identical. Thus, any serious limitation imposed upon Affinity's business affairs would necessarily affect its profitability and hence Karp's interests as a shareholder. Accordingly, the court finds that the shareholder Karp is a person whose interests are materially adverse to those of the plaintiff.
Finally, engrafted onto any judicial determination made under Rule 1.9 is the requirement that the foregoing analysis be weighed against the plaintiff's right to the free selection of counsel, subject of course to the public's interest in the scrupulous administration of justice. Bergeron v. Mackler, supra at 398. The right to select counsel of one's choice is especially prominent in this case because Attorney Schwartz not only represented the plaintiff in the 1985 litigation but served as corporate counsel to New Science for a brief period of time terminating in 1987. Thus, there was no ongoing attorney-client relationship which culminated in Schwartz instituting this proceeding in 1993. Moreover, while the defendant is switching from the defendant's side to the plaintiff's side he is not changing clients. See, Allegaert v. Perot, 565 F.2d 246
(1977). Applying this balancing test the court concludes that the need to preserve the integrity of the system prevails over the plaintiff's right to free selection of counsel in this case. Accordingly, the firm of Schatz, Schatz, Ribicoff and Kotkin is hereby disqualified and in particular Lewis G. Schwartz.
MOTTOLESE, J.